* * * * * * * * * * *
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Stephenson. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stephenson with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The dates of the injuries subject of this claim are August 7, 2003 and August 19, 2003.
2. On the alleged dates of injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On the alleged dates of injury, an employer-employee relationship existed between plaintiff and defendant.
4. On the alleged dates of injury, defendant was insured by Selective Insurance Company.
5. Plaintiff's average weekly wage is $380.00 with a resulting compensation rate of $253.35.
6. The Pre-Trial Agreement, dated April 12, 2005, submitted by the parties is Stipulated Exhibit 1.
7. North Carolina Industrial Commission forms from both claims were stipulated into evidence as Stipulated Exhibits 2 and 3.
8. Plaintiff's Answers to Interrogatories were stipulated into evidence as Stipulated Exhibit 4.
9. Plaintiff's notes were stipulated into evidence as Stipulated Exhibit 5.
10. Plaintiff's witnesses were stipulated into evidence as Stipulated Exhibit 6.
11. FMLA Forms/Information were stipulated into evidence as Stipulated Exhibit 7.
12. Medical records from Dr. Michael DeSantis, Dr. John L. DePerczel, Dr. Aaron Tosky, Dr. Donald Brown, Dr. Scott W. McCloskey and Dr. Wes Cardwell, were stipulated into evidence as Stipulated Exhibit 8.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was twenty-four (24) years old. Plaintiff had been employed by defendant as a furniture wrapper for one and one-half (11/2) years prior to the alleged date of the first injury on August 7, 2003.
2. Plaintiff's job duties for defendant required him to wrap furniture in preparation for its shipment. This position required him to place plastic over furniture such as ottomans, sofas and chairs.
3. Plaintiff testified that on August 7, 2003, he arrived at work, clocked in, and began to work at approximately 7:00 a.m. Plaintiff further testified that after working a couple of hours he felt a pull in his back after attempting to catch an ottoman which had fallen from a four (4) to five (5) feet high stack of ottomans. Plaintiff testified he told Carrell Sigmon, plaintiff's supervisor, that he wanted to see a doctor for treatment of his back pain.
4. Carrell Sigmon testified that he had been plaintiff's supervisor for several weeks prior to alleged August 7, 2003 incident. Mr. Sigmon noticed from the first time he saw plaintiff that plaintiff walked with a slight limp and had several conversations with plaintiff as to why he limped. Plaintiff indicated to Mr. Sigmon that his back had always bothered him a little, but it would not interfere with his ability to work. Mr. Sigmon remembered plaintiff leaving work early one day due to pain and distinctly remembered three different occasions, both before and after the alleged August 7, 2003 incident, that plaintiff did not report his back problems were related to an injury at work after being specifically asked.
5. It was defendant's company policy for an injured employee to be immediately referred to Hart Industrial Clinic for evaluation and a drug screen and for an incident report to be completed upon any report of a work-related injury. Neither was done on August 7, 2003.
6. Plaintiff testified that on August 7, 2003, at approximately 9:00 a.m., his mother transported him to see Dr. Michael DeSantis, plaintiff's family physician. Dr. DeSantis recommended anti-inflammatories and took plaintiff out of work for a couple of days. Plaintiff's mother, Laminda Sherrill, testified that after evaluation by Dr. DeSantis on August 7, 2003, she returned to plaintiff's place of employment with defendant and left an out of work note from Dr. DeSantis. However, defendants' records did not contain a copy of the alleged out of work note.
7. Plaintiff testified that his back pain improved and he returned to work with regular duties and regular hours approximately three days later.
8. On August 19, 2003, plaintiff testified that he arrived at work at approximately 7:00 a.m. to begin his shift and that a few hours after beginning his shift, he re-injured his back flipping a sofa while applying plastic to a piece of furniture. Plaintiff testified that he informed his supervisor, Mr. Sigmon of his back pain and indicated that he needed to go to the doctor for treatment. Plaintiff testified that Mr. Sigmon did not refer him to Hart Industrial Clinic but did allow him to leave for treatment.
9. Mr. Sigmon did not recall plaintiff having an incident on August 19, 2003. Plaintiff's testimony that he clocked in on August 19, 2003 at 7:00 a.m. is not credible in light of the fact that plaintiff's time card submitted into evidence by defendants indicated that plaintiff did not work on August 19, 2003. In addition, an accident report was not completed by plaintiff or defendant.
10. Plaintiff's mother testified that she took plaintiff to the see Dr. DeSantis again on August 19, 2003 and delivered an out of work note for plaintiff to Mr. Sigmon. This alleged out of work note was not in Dr. DeSantis or defendants' records. Dr. DeSantis did not issue any work restrictions but suggested considering a different line of work.
11. Plaintiff's mother's testimony that she picked plaintiff up at work on August 19, 2003 and transported him to see Dr. DeSantis and then returned to defendant to converse with Mr. Sigmon is not found to be credible. In addition, Dr. DeSantis did not recall plaintiff's mother being present during the August 19, 2003 evaluation. The fact that Dr. DeSantis did not issue work restrictions indicates there was no documentation to take to defendant following Dr. DeSantis' evaluation. Mr. Sigmon credibly testified that he did not recall conversation with Ms. Sherrill on August 19, 2003.
12. Plaintiff returned to work afterwards and continued to work his regular job and regular hours. Plaintiff testified that his back pain became more severe after the alleged August 19, 2003 incident. However, plaintiff did not request defendant to provide medical treatment or inform defendants that his injuries were related to his employment.
13. On January 22, 2004, plaintiff on his own saw Dr. John de Perczel, an orthopedic surgeon. Dr. de Perczel recommended that plaintiff obtain an MRI. An MRI was performed on February 12, 2004 revealing a herniated disc at L4-5.
14. On February 23, 2004, plaintiff sought treatment from Dr. Aaron Tosky, a chiropractor. Dr. Tosky assigned a work restriction of no lifting greater than twenty (20) pounds. Plaintiff presented defendant with this restriction, but defendant was not able to accommodate plaintiff's restriction. Plaintiff has not worked for defendant since February 26, 2004.
15. On March 15, 2004, plaintiff requested a leave of absence under the Family Medical Leave Act from defendant. Plaintiff submitted supporting documentation from Dr. Tosky. At no time during this application process did plaintiff indicate that his back injuries were work related.
16. In April 2004, plaintiff and his mother met with the defendant's owner, Linda Palmer and Dave Davis, defendant's comptroller. Ms. Palmer testified that during this meeting plaintiff indicated for the first time that he had back injuries related to incidents at work in August 2003. Ms. Palmer testified that she knew plaintiff had back problems because she had noticed plaintiff's back problems and she had engaged in conversation with plaintiff about his back problems because she too had a back injury. However, plaintiff never related to defendant that his back problems were connected to his employment until the April 2004 meeting.
17. Mr. Davis testified that within a few days after plaintiff met with Ms. Palmer and Mr. Davis, that he received a copy of plaintiff's Form 18 filed by his attorney on April 30, 2004. Mr. Davis contacted defendant's workers' compensation carrier and provided the carrier with information in order to complete a Form 19, which was filed with the Industrial Commission on May 5, 2004. Mr. Davis conducted an investigation and obtained statements from Mr. Sigmon and Joey Miller, plaintiff's co-employee, regarding the circumstances of plaintiff's alleged injuries.
18. Mr. Miller signed a statement on May 6, 2004 indicating that while working in the wrap department he had never heard plaintiff mention that he had injured his back at work. Mr. Miller also indicated that he did hear plaintiff tell Mr. Sigmon that he hurt his back prior to working for defendant and that plaintiff complained a lot.
19. On June 21, 2004, plaintiff was referred to Dr. Scott M. McCloskey, a neurosurgeon. On July 14, 2004, Dr. McCloskey performed a hemilaminectomy at L4-5. On November 5, 2004, Dr. McCloskey released plaintiff and found plaintiff to have reached maximum medical improvement with a 15% impairment rating to his back. Dr. McCloskey assigned permanent work restrictions of no lifting greater than thirty (30) pounds.
20. Defendant is not able to accommodate plaintiff's permanent work restrictions. Plaintiff testified that he has returned to work with his step-father in a carpet cleaning business.
21. Plaintiff's medical records revealed an out of work note from D. S. Wes Cardwell, a chiropractor in Hickory, North Carolina dated May 13, 2003, prior to plaintiff's alleged work related injury. Dr. Cardwell's office did not retain plaintiff's records regarding plaintiff's treatment. Plaintiff testified that he did not recall ever treating with a chiropractor prior to August 2003. Plaintiff's testimony is not convincing in light of Dr. Cardwell's out of work note for plaintiff contained in plaintiff's personnel file.
22. The Full Commission does not find plaintiff's testimony that he injured his back at work on August 7, 2003 and re-injured his back on August 19, 2003 to be credible and gives greater weight and credibility to the testimony of Mr. Sigmon, Ms. Palmer, Mr. Davis, and Mr. Miller.
23. The Full Commission finds that plaintiff had experienced back pain prior to either of plaintiff's alleged injuries in August 2003.
24. The greater weight of the evidence does not support plaintiff's claim that he injured his back on August 7, 2003 or that he re-injured his back on August 19, 2003 while at work.
25. Based upon the greater weight of the evidence, the Full Commission finds that plaintiff did not notify defendants and defendants were not aware of plaintiff's alleged injuries while working for defendant in August 2003 until April 2004.
26. Dr. McCloskey's deposition testimony concerning the causation of plaintiff's back injuries is not afforded weight because it is solely based upon information provided by plaintiff; therefore, Dr. McCloskey's testimony lacks sufficient foundation upon which to base an award of compensation.
27. The competent and credible evidence does not support plaintiff's contention that he sustained an injury by accident and/or specific traumatic incident arising out of and in the course of his employment.
28. The greater weight of the evidence reveals that plaintiff did not provide proper notice of an alleged injury by accident.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of his employment. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff did not provide proper notice of an alleged injury by accident. N.C. Gen. Stat. § 97-22.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each party shall bare its own costs.
This the 10th day of October, 2006.
S/________________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/________________________ PAMELA T. YOUNG COMMISSIONER
 S/________________________ BERNADINE S. BALLANCE COMMISSIONER